UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ADRIAN WALTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:22-cv-00133-JPH-MKK ) |
| FRANK VANIHEL Warden, | ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Adrian Walton, an Indiana prisoner, filed this writ of habeas corpus to challenge a prison disciplinary proceeding identified as Case No. WVD 22-01-0062. For the reasons explained in this Order, Mr. Walton's habeas petition is **denied.**

**I.
Facts**

At all times relevant to the Petition, Mr. Walton was a prisoner at Wabash Valley Correctional Facility. The investigation and disciplinary hearing that led to Mr. Walton being found guilty of conspiracy/attempted trafficking, dkt. 8-1, are summarized as follows:

On January 14, 2022, Investigator J. Raney wrote a Report of Conduct ("Conduct Report") charging Mr. Walton with violating A-111/A-113, Conspiracy/Attempting to Traffic. Dkt. 8-1. The Conduct Report states:

> On 1-14-22, I, Investigator J. Raney concluded an investigation involving offender Walton, Adrian #120439 conspiring and attempting to have a staff member at the Wabash Valley Correctional Facility traffick items into the facility. During the course of the

investigation, Walton made several recorded phone calls in reference to the staff member and what items would be trafficked. Walton even relayed the staff member's personal cell phone number to the person on the other end of the call so the staff [member] could be contacted. I interviewed offender Walton concerning this matter. During the interview, Walton stated, 'I screwed up big time. I'll just take my punishment and go on. Please keep in mind this is my first time doing anything like this.'

*Id.*

Investigator Raney also wrote a Report of Investigation ("Investigation Report") which stated:

> On 12-21-21, this office received intelligence regarding a staff member being manipulated by one or more offenders to traffic items into the facility. I, Investigator J. Raney was assigned the investigation. During the course of the investigation, several recorded phone calls were placed by offender Walton, Adrian #120439 concerning the manipulated staff member and what items would be trafficked into the facility. The staff member was interviewed and gave a full confession as to how much money would be paid to them and what items they were supposed to provide. The staff member confessed to committing a felony and was taken to the Sullivan County Jail.
> Offender Walton was interviewed and was informed he would be issued a class A conduct report for attempted trafficking. Walton said he understood and stated, 'I screwed up big time. I'll just take my punishment and go on. Please keep in mind this is my first time doing anything like this.' This investigation concluded on 1-14-2022.

Dkt. 8-2.

Investigator S. Carpenter confirmed Investigator Raney's reports and stated:

> On 1-13-2022 I, Investigator S. Carpenter witnessed offender Adrian Walton #120439 state during an interview, 'I screwed up big time. I'll just take my punishment and go on. Please keep in mind this is my first time doing anything like this.' The interview was in reference to him conspiring and attempting to traffic with a staff member at WVCF.

Dkt. 8-3.

Mr. Walton was notified of the charges on January 20, 2022, when he received the Conduct Report and the Notice of Disciplinary Hearing ("Screening Report"). Dkt. 8-5. Mr. Walton's request to produce a witness statement was denied. *Id.* Mr. Walton also sent a list of questions to the hearing officer. Dkt. 8-7.

On February 2, 2022, a hearing was held before Disciplinary Hearing Officer ("DHO") Pope. Dkt. 8-8. DHO Pope noted that Mr. Walton provided a written statement and that Mr. Walton verbally stated, "all his evidence was denied so he has no defense." *Id.* Following the hearing, DHO Pope found Mr. Walton guilty and assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. *Id.* at 1. Mr. Walton pursued administrative appeals, which are not at issue in this proceeding. Dkts. 8-9, 8-10.

Mr. Walton filed his habeas petition on April 4, 2022. His grounds for relief are as follows: 1) he was denied an impartial decision maker; 2) there was insufficient evidence; and 3) he was denied evidence. Dkt. 2 at 4-5.

## II.
## Impartial Decisionmaker

Mr. Walton alleges that he was denied an impartial decisionmaker. Dkt. 2 at 2; 5. In support of this ground for relief, Mr. Walton's petition states, "Disciplinary Hearing Officer Pope stated, 'I was told to find you guilty no matter what per OII.'" *Id.* at 5. The petition is signed by Mr. Walton and verified. *Id.* at 6.

On December 15, 2023, the Court appointed counsel to represent Mr. Walton at an evidentiary hearing on the sole issue of whether DHO Pope told Mr. Walton that she was told to find him guilty no matter what. Dkt. 23.[1] The hearing was conducted on April 10, 2024. Testimony was heard from Mr. Walton, DHO Pope, lay advocate Hubbard, Investigator Davis, and Investigator Raney.

No witness corroborated Mr. Walton's testimony that DHO Pope told him she was told to find him guilty no matter what. Dkt. 44 at 45. DHO Pope denied making any statement to Mr. Walton that would suggest she was directed to find him guilty. *Id.* at 39. She further denied that anyone instructed her to find Mr. Walton guilty. *Id.* at 40. Although Mr. Walton testified that his lay advocate, Mr. Hubbard, was present when DHO Pope made the statement, Mr. Hubbard had no recollection of DHO Pope saying that she was told to find Mr. Walton guilty. *Id.* at 12-14. Mr. Hubbard also did not recall DHO Pope telling him that because Mr. Walton named her in his appeal, she was going to find him guilty in any future disciplinary proceedings. *Id.* at 13-14. Investigator Davis denied having any conversations with DHO Pope about Mr. Walton. *Id.* at 23-24. Investigator Davis made no suggestions that DHO Pope should find Mr. Walton guilty. *Id.* at 24. Investigator Raney also denied having any conversations with DHO Pope about Mr. Walton. *Id.* at 32.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007).

---

[1] The Court is grateful for the able representation provided to Mr. Walton by Mr. Joseph Cleary on the issue presented at the hearing.

Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666–67 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

The Seventh Circuit has made clear that "the constitutional standard for impermissible bias is high." *Piggie*, 342 F.3d at 666. The boundaries of impermissible bias are not, however, drawn in bright lines. On the one hand, hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Id.* But hearing officers are impermissibly biased when they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The only evidence that the DHO was impermissibly influenced by investigators to find Mr. Walton guilty of disciplinary charges is Mr. Walton's sworn petition and his testimony at the evidentiary hearing. But there is no evidence corroborating that OII contacted the DHO or attempted to influence the outcome of the hearing. And DHO Pope testified at the evidentiary hearing that her memory of the disciplinary hearing was good and that she did not make any statement suggesting that she had been directed to find Mr. Walton guilty. Dkt. 44 at 39–40. The Court observed that testimony and found it consistent and credible. Moreover, Mr. Walton's lay advocate at the disciplinary hearing testified at the evidentiary hearing that he did not recall the statement that Mr. Walton alleges. *Id.* at 12–14. The Court therefore does not credit Mr. Walton's testimony

5

because it is uncorroborated and inconsistent with the other evidence in this case.

Having considered the totality of the circumstances, including all the testimony at the evidentiary hearing, the Court concludes that DHO Pope was not impermissibly biased when she determined that Mr. Walton was guilty of attempting to traffic.

## III.
## Remaining Due Process Claims

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Scruggs*, 485 F.3d at 939; *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

### A. Some Evidence

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v.*

*Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012).

Mr. Walton argues that there were never any drugs brought into the facility nor was it established with whom he conspired. Dkt. 2 at 4. Mr. Walton was charged with aiding, abetting, or conspiring with another to traffic items into the prison, offenses A-111 and A-113. Dkt. 8-1. Aiding and Abetting is defined, in part, as follows: "When an offender commits any of the following acts to assist in the violation of these administrative procedures or a Department or facility rule, procedure or directive: … Assisting another person in planning or preparing for a violation…." Dkt. 8-11. Trafficking is defined as "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person…." Dkt. 8 at 8.

The Conduct Report, the Investigation Report, and the witness statement provide sufficient evidence to support a finding that Mr. Walton attempted to assist someone in planning to transfer unauthorized substances into the prison. The identification of the people with whom Mr. Walton conspired is not a required element of the offense, although the confidential recordings and reports do disclose those individuals. Moreover, even though the attempt to traffick was not successful, and thus was merely an attempt, there is some evidence to support the charge. Mr. Walton's challenge to the sufficiency of the evidence fails.

### B. Denial of Evidence

Inmates "must be allowed to present relevant evidence, including witness testimony, unless it is cumulative or unduly threatens the security of the facility." *Ellison*, 820 F.3d at 274. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated, and any such error is harmless, unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Mr. Walton argues that he was denied evidence consisting of all the phone calls that had to do with him and a statement from the staff member who was involved saying she knew him. Dkt. 2 at 4; dkt. 8-5; dkt. 19 at 2-4.

The transcripts of the phone calls were denied as confidential and for privacy reasons. This rationale does not violate due process. Moreover, the Court has reviewed those transcripts of the calls and determined that they are not exculpatory. *See Jones*, 637 F.3d at 847. Rather, they show that Mr. Walton referred to a staff member and discussed what items would be

8

brought into the prison. Even if denying Mr. Walton access to those transcripts was error, such error was harmless.

Finally, whether the staff member knew Mr. Walton is irrelevant to the charge brought against him. The evidence is that Mr. Walton gave her personal phone number to another person. There is no allegation in the Conduct Report that Mr. Walton knew the staff person. Thus, any statement from that person saying she did or did not know Mr. Walton would not have been material or exculpatory. There was no due process error for denial of evidence.

## V.
## Conclusion

Mr. Walton's petition for a writ of habeas corpus **is denied**. Judgment consistent with this Entry shall now issue.

**The clerk** is directed to serve a copy of this Order and Judgment on Mr. Walton at Wabash Valley Correctional Facility.

**SO ORDERED.**

Date: 7/11/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ADRIAN WALTON
120439
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org